IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHERITA JAMIR SMITH                                                    PLAINTIFF

v.                             No. 4:25-cv-1066-DPM

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS, d/b/a
University of Arkansas for Medical
Science                                                                DEFENDANT

ORDER

Smith filed an amended complaint with more details supporting her wrongful termination claim under the American with Disabilities Act. *Doc. 6.* The Court must screen it. 28 U.S.C. § 1915(e).

On 27 May 2025, University of Arkansas for Medical Sciences hired Smith to work as an access coordinator II. *Doc. 6 at 9.* The job required a forty-hour week, Monday through Friday. It involved continuous sitting, and responsibility for scheduling and coordinating appointments, as well as handling patient pre-registration. *Doc. 6 at 18–19.*

The day after she was hired, Smith notified UAMS that she would need ADA accommodations due to a Lupus diagnosis as well as a chronic back and pain disorder. She sought: (1) frequent breaks to stand and stretch for ten to fifteen minutes every two hours; (2) no more than six work hours a day; and (3) approval to attend regular

doctors' appointments. *Doc. 6 at 18*. UAMS denied Smith's request for accommodation. It explained that it could not accommodate a thirty-hour work week for that position. *Doc. 6 at 19–20*. UAMS gave her thirty days to find an alternative position within the UAMS system. It also assigned Smith a talent acquisition recruiter to assist her with her search. When she failed to secure an alternative position, she was fired on 14 July 2025. *Doc. 6 at 45*. Smith filed a timely charge of discrimination with the Equal Employment Opportunity Commission; and she was issued a right-to-sue letter on 16 July 2025. *Doc. 6 at 5–14*.

Smith hasn't pleaded a plausible ADA claim. She wasn't qualified for her position, which required the ability to work a forty-hour week. In essence, Smith asked UAMS to create a part-time job for her as an accommodation. In order to qualify for ADA protections, a person must be able to perform a job's essential functions, with or without reasonable accommodations. *Hatchett v. Philander Smith College*, 251 F.3d 670, 674 (8th Cir. 2001). That said, while a part-time schedule may be reasonable in some circumstances, 42 U.S.C. § 12111(9), the ADA doesn't require an employer to reallocate essential functions or hire additional employees to complete those tasks. *Hatchett*, 251 F.3d at 675. UAMS explained to Smith that, while it could accommodate her requests for breaks and leave for doctors' appointments, it would be unable to reduce her position from forty hours to thirty hours. *Doc. 6 at 19*. As a result, she was not qualified for the position.

–2–

–3–

Smith has failed to state a claim. Her motion to appoint counsel, *Doc. 9*, is denied as moot. The summonses, which were issued as a matter of course once the Court granted *in forma pauperis* status, are quashed.

So Ordered.

*/s/ D.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

17 December 2025